## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

_____ )
)
HARTFORD CASUALTY INSURANCE COMPANY )
)
     Plaintiff, )
)
     v. )   Case No.:_____
)
INVESTIGATIVE CONSULTANTS, INC. )
21851 Laurel Wood Court )
Leesburg, VA 20175 )
)
and )
)
INVESTIGATIVE CONSULTANTS, INC. OF )
WASHINGTON, DC )
2020 Pennsylvania Avenue, Suite 813 )
Washington, DC 20006 )
)
and )
)
DONALD BERLIN )
21851 Laurel Wood Court )
Leesburg, VA 20175 )
)
)
     Defendants. )
_____)

## COMPLAINT FOR DECLARATORY JUDGMENT

     Plaintiff, Hartford Casualty Insurance Company ("Hartford"), brings the following claims

against Investigative Consultants, Inc., ("ICI"), Investigative Consultants, Inc. of Washington,

DC ("ICI-DC"), and Donald Berlin (collectively, "Defendants").

### INTRODUCTION

     1.     In this insurance coverage action, Hartford seeks a declaration that it has no duty

to defend or indemnify Defendants under a series of liability insurance policies in connection

with the complaint filed against them by Christopher Chandler in the action captioned *Chandler v. Berlin et al.*, Case No. 1:18-cv-02136 (D.D.C, filed September 14, 2018) (the "Underlying Action") (the complaint filed in the Underlying Action is referred to as the "*Chandler* Complaint" and is attached as Exhibit 1). [1]

2.      The Underlying Action is a libel action against Berlin, ICI-DC, and ICI.

3.      On October 13, 2018, the Defendants tendered the *Chandler* Complaint to Hartford, seeking a defense and indemnity in connection with the Underlying Action.

4.      By letter, Hartford declined to defend or indemnify the Defendants in connection with the Underlying Action.

5.      As a result, a justiciable controversy exists between the parties.  The purpose of this action is to resolve that controversy.

## THE PARTIES

6.      Hartford is an Indiana corporation with its principal place of business in Hartford, Connecticut.

7.      Upon information and belief, ICI is an Illinois corporation, with its principal place of business in Virginia.

8.      Upon information and belief, ICI-DC is a Wisconsin corporation, with its principal place of business in Washington, DC.

9.      Upon information and belief, Berlin is domiciled in Louden County, Virginia.

## JURISDICTION AND VENUE

---

[1] The redacted copy of the *Chandler* Complaint attached to this pleading was filed at ECF 20 in the Underlying Action.  The redactions delete material ordered by the court to be stricken from the original complaint filed as ECF 1.

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Hartford is not a citizen of the same state as any Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.     This Court is authorized to issue a declaratory judgment under the Declaratory Judgment Act.  28 U.S.C. §§ 2201, *et seq.*

12.     This Court has personal jurisdiction over ICI because, on information and belief, it is licensed to do business in Virginia, transacts business in Virginia, has its principal place of business in Virginia, and seeks coverage under certain insurance policies delivered to ICI in Virginia.  Va. Code Ann. § 8.01-328.1.

13.     This Court has personal jurisdiction over ICI-DC because, on information and belief, it is licensed to do business in Virginia, transacts business in Virginia, and seeks coverage under certain insurance policies delivered to ICI in Virginia.  Va. Code Ann. § 8.01-328.1.

14.     This Court has personal jurisdiction over Berlin because he resides in the Eastern District of Virginia, is a citizen of the Commonwealth of Virginia, transacts business in Virginia, and seeks coverage under certain insurance policies delivered to ICI in Virginia.  Va. Code Ann. § 8.01-328.1.

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) because the Defendants reside, or are subject to personal jurisdiction, in this district.

## FACTUAL ALLEGATIONS

### The Policies

16.     Hartford issued the following liability insurance policies to ICI that are arguably relevant to this action:

| Policy Number | Policy Period |
|---|---|
| 30 SBA BL0724 | 11/24/02 - 11/24/03 |

| 30 SBA BL0724 | 11/24/03 - 11/24/04 |
|---------------|---------------------|
| 30 SBA BL0724 | 11/24/04 - 11/24/05 |
| 30 SBA BL0724 | 11/24/05 - 11/24/06 |
| 30 SBA BL0724 | 11/24/06 - 11/24/07 |
| 30 SBA BL0724 | 11/24/07 - 11/24/08 |
| 30 SBA BL0724 | 11/24/08 - 11/24/09 |
| 30 SBA BL0724 | 11/24/09 - 11/24/10 |
| 30 SBA BL0724 | 11/24/10 - 11/24/11 |
| 30 SBA BL0724 | 11/24/11 - 11/24/12 |
| 30 SBA BL0724 | 11/24/12 - 11/24/13 |
| 30 SBA BL0724 | 11/24/13 - 11/24/14 |
| 30 SBA BL0724 | 11/24/14 - 11/24/15 |
| 30 SBA BL0724 | 11/24/15 - 11/24/16 |
| 30 SBA BL0724 | 11/24/16 - 11/24/17 |
| 30 SBA BL0724 | 11/24/17 - 11/24/18 |

(the "Policies").

17.     The Policies' Business Liability Coverage Forms include the following language,

or substantially similar language, regarding who is an insured:

> **1.**     If you are designated in the Declarations as:
>
> * * *
>
> **d**. An organization other than a partnership or joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

18.     Based upon this language, ICI is an insured because it is designated in the

Declarations as the named insured and Berlin is an insured under the Policies with respect to his

duties as ICI's officer or director.

19.     ICI-DC is not an insured under the Policies because it is not designated in the

Declarations as a named insured and does not otherwise qualify as an insured under any other

provision of the Policies.

20.     The Policies' Business Liability Coverage Forms include the following language in their insuring agreements that is pertinent to the issues raised in this action:

### A. COVERAGES

#### 1. BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)

**Insuring Agreement**

**a.** We will pay on behalf of the insured those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

* * *

**b.** This insurance applies to:

(1) "Bodily injury" and "property damage" only if:

(a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(b) The "bodily injury" or "property damage" occurs during the policy period.

(2) "Personal and advertising injury" caused by an offense arising out of your business, but only if the offense is committed in the "coverage territory"

during the policy period.

21.     The Policies' Business Liability Coverage Forms include the following "Expected

Or Intended Injury" exclusion, or a substantially similar exclusion:

This insurance does not apply to:

**a. Expected Or Intended Injury**

**(1)** "Bodily injury" or "property damage" expected or intended
from the standpoint of the insured.  This exclusion does not
apply to "bodily injury" or "property damage" resulting from
the use of reasonable force to protect persons or property; or

**(2)** "Personal and advertising injury" arising out of an offense
committed by, at the direction of or with the consent or
acquiescence of the insured with the expectation of inflicting
"personal and advertising injury"….

22.     The Policies' Business Liability Coverage Forms include the following

"Professional Services" exclusion, or a substantially similar exclusion:

This insurance does not apply to:

\* \* \*

**j.    Professional Services**

"Bodily injury", "property damage" or "personal and advertising
injury" due to the rendering of or failure to render any professional
service. This includes but is not limited to:

\* \* \*

(2) Preparing, approving, or failing to prepare or approve maps,
drawings, opinions, reports, surveys, change orders, designs or
specifications;

23.     The Policies' Business Liability Coverage Forms include the following exclusion,

or a substantially similar exclusion, concerning personal and advertising injury:

This insurance does not apply to**:**

\* \* \*

### p. "Personal And Advertising Injury"

**(1)** Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

**(2)** Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

**(3)** Arising out of a criminal act committed by or at the direction of any insured….

24.    The Policy in effect from 11/24/02--11/24/03, and certain other Policies, include the following exclusion, which was added by endorsement SS 05 09 07 00:

### EXCLUSION – TESTING OR CONSULTING ERRORS AND OMISSIONS

\* \* \*

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.** An error, omission, defect or deficiency in:
**a.** Any test performed; or
**b.** An evaluation, a consultation or advice given, by or on behalf of any insured; [or]

**2.** The reporting of or reliance upon any such test, evaluation, consultation or advice….

25.    The Policies' Business Liability Coverage Forms include the following definition, or a similar definition, for "Bodily injury": "Bodily injury" means "bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time".

26.    The Policies' Business Liability Coverage Forms define "property damage" to mean:

"Property damage" means:

    **a.** Physical injury to tangible property….

    **b.** Loss of use of tangible property that is not physically injured….

27.    The Policies' Business Liability Coverage Forms define "Occurrence" to mean an "accident, including continuous or repeated exposure to substantially the same general harmful conditions".

28.    The Policies' Business Liability Coverage Forms define "personal and advertising injury" to mean:

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** Wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.** Oral or written publication of material that violates a person's right of privacy; or

    **f.** Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

    **g.** Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

    **h.** Discrimination or humiliation that results in injury to the feelings or reputation of a natural person but only if such discrimination or humiliation is:

        **(1)** Not done intentionally by or at the direction of:

            **(a)** The insured; or

            **(b)** Any executive officer, director, stockholder, partner or member of the insured; and

(2) Not directly or indirectly related to the employment, prospective employment or termination of employment of any person or persons by any insured.

This paragraph **h.** does not apply in the States of Nebraska and Kansas.

## The Underlying Action

29.     The *Chandler* Complaint asserts that Berlin, ICI and ICI-DC hold themselves out, as the corporate names suggest, as providing private investigation services, including background reports, based on "proprietary artificial intelligence" and "30 years experience in data interpretations . . . ."

30.     With respect to Chandler, the *Chandler* Complaint alleges that Berlin attempted to induce Prince Albert II of Monaco, through Robert Eringer, into paying for background reports on a number of successful expats living in Monaco, including Chandler and his brother.

31.     According to the *Chandler* Complaint, Berlin prepared a 134-page background report concerning Chandler, referred to in the Chandler Complaint as the "Pitch," that falsely accused Chandler and his family of "money laundering, organized crime, Russian espionage, and a conspiracy to commit tortious interference."

32.     The *Chandler* Complaint contends that "Defendants made the libelous statements [in the Chandler background report] intentionally, willfully, maliciously, and in conscious disregard of Mr. Chandler's rights, and reputation and of the truth."  Chandler Complaint at □ 84.

33.     The *Chandler* Complaint further asserts that Eringer used the fake information from the  Pitch as the basis for his own report about Chandler that he provided to the Prince of Monaco.  This document is referred to in the Chandler Complaint as the "Eringer Report".

34.     According to the Chandler Complaint, in November 2017, Eringer sent the first 34 pages of the Pitch and the Eringer Report to the British press.  Thereafter, the British media

began reporting the false information in the Pitch about Chandler.  As a result, Chandler seeks

compensatory damages, punitive damages and attorneys' fees and costs.

35.     The *Chandler* Complaint asserts two causes of action for libel *per se.*

### COUNT ONE
**(Declaratory Judgment—ICI-DC is Not an Insured)**

36.     Hartford incorporates the foregoing allegations as if fully stated herein.

37.     The Policies provide the following, or a substantially similar version of the

following, regarding who is an insured:

> **1.**     If you are designated in the Declarations as:
>
> * * *
>
> **d**. An organization other than a partnership or joint venture
> or limited liability company, you are an insured. Your
> "executive officers" and directors are insureds, but only
> with respect to their duties as your officers or directors.
> Your stockholders are also insureds, but only with respect
> to their liability as stockholders.

38.     ICI-DC is not designated in the declarations as an insured and does not otherwise

qualify as an insured under any provision of the Policies.

39.     Hartford seeks a declaration that it has no duty to defend or indemnify ICI-DC in

connection with the Underlying Action.

### COUNT TWO
**(Declaratory Judgment—No Bodily Injury or Property Damage Caused by an Occurrence)**

40.     Hartford incorporates the foregoing allegations as if fully stated herein.

41.     The Policies provide that:

> This insurance applies to:
>
> > **(1)** "Bodily injury" and "property
> > damage" only if:
> >
> > > **(a)** The "bodily injury" or "property

damage" is caused by an "occurrence"….

42.     The *Chandler* Complaint does not allege damages because of "bodily injury" or "property damage", nor does it allege any injury caused by an "occurrence".

43.     Hartford seeks a declaration that the *Chandler* Complaint does not allege "bodily injury" or "property damage" caused by an "occurrence" that would trigger a duty to defend or indemnify the Defendants in connection with the Underlying Action.

## COUNT THREE
### (Declaratory Judgment—Expected or Intended Injury Exclusion)

44.     Hartford incorporates the foregoing allegations as if fully stated herein.

45.     The Policies include the following exclusion, or a substantially similar exclusion:

> **B. EXCLUSIONS**
> **1. Applicable To Business Liability Coverage**
>
> This insurance does not apply to:
>
> **a. Expected Or Intended Injury**
>
> **(1)** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or
>
> **(2)** "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

(the " Expected or Intended Injury Exclusion").

46.     The *Chandler* Complaint alleges that the Defendants committed an "offense" (or that an "offense" was committed at the direction of, or with the consent or acquiescence of, the

Defendants) with the expectation of inflicting "personal and advertising injury," and coverage under the Policies is therefore barred by the Policies' Expected or Intended Injury Exclusion.

47.     Hartford seeks a declaration that the allegations of the Chandler Complaint are within the Expected or Intended Injury Exclusion and that it has no duty to defend or indemnify Defendants in connection with the Underlying Action.

## COUNT FOUR
### (Declaratory Judgment—Exclusion p.)

48.     Hartford incorporates the foregoing allegations as if fully stated herein.

49.     The Policies include the following exclusion, or a substantially similar exclusion:

This insurance does not apply to:

* * *

**p. "Personal And Advertising Injury":**

**(1)** Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

**(2)** Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

**(3)** Arising out of a criminal act committed by or at the direction of any insured….

50.     The *Chandler* Complaint alleges that the Defendants knew that the defamatory information they published was false and that the Defendants first published the defamatory statements before all of the policy periods except the 11/24/02 - 11/24/03 Policy.

51.     The Defendants' conduct alleged in the Chandler Complaint is potentially criminal under the law of Virginia.

52.     Hartford seeks a declaration that the allegations of the Chandler Complaint are within Exclusion p. and that it has no duty to defend or indemnify the Defendants in connection with the Underlying Action.

**COUNT FIVE**
**(Declaratory Judgment—Professional Services Exclusion)**

53.     Hartford incorporates the foregoing allegations as if fully stated herein.

54.     The Policies include the following exclusion, or a substantially similar exclusion:

> This insurance does not apply to:
>
> * * *
>
> **j.    Professional Services**
>
> "Bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service. This includes but is not limited to:
> * * *
> (2) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications….

(the "Professional Services Exclusion").

55.     The *Chandler* Complaint alleges Defendants defamed Chandler in the course of rendering professional services.

56.     Hartford seeks a declaration that the allegations of the Chandler Complaint are within the Professional Services Exclusion and that it has no duty to defend or indemnify the Defendants in connection with the Underlying Action.

**COUNT SIX**
**(Declaratory Judgment—Testing or Consulting Errors Exclusion)**

57.     Hartford incorporates the foregoing allegations as if fully stated herein.

58.     The Policy in effect from 11/24/02—11/24/03 includes the following exclusion, which was added by endorsement SS 05 09 07 00:

### EXCLUSION – TESTING OR CONSULTING ERRORS AND OMISSIONS

* * *

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
> **1.** An error, omission, defect or deficiency in:
>
> **a.** Any test performed; or
> **b.** An evaluation, a consultation or advice given, by or on behalf of any insured; [or]
>
> **2.** The reporting of or reliance upon any such test, evaluation, consultation or advice….

59.     The *Chandler* Complaint alleges "personal and advertising injury" arising out of an "error, omission, defect or deficiency in" an "evaluation, a consultation or advice given, by or on behalf of" the Defendants.

60.     Alternatively the *Chandler* Complaint alleges "personal and advertising injury" arising out of the "reporting of or reliance upon any such … evaluation, [] consultation or advice…."

61.     Hartford seeks a declaration that the allegations of the Chandler Complaint are within the Testing or Consulting Errors Exclusion and that it has no duty to defend or indemnify the Defendants in connection with the Underlying Action.

### REQUEST FOR RELIEF

For the reasons stated above, Hartford requests that this Court:

1.   Declare that Hartford has no duty to defend Defendants in connection with the Underlying Action,

2.  Declare that Hartford has no duty to indemnify Defendants in connection with the

    Underlying Action, and

3.  Award Hartford other relief that the Court decides is appropriate.


DATED:  December 21, 2018          Respectfully submitted,

                                   **HARTFORD CASUALTY INSURANCE
                                   COMPANY**

                                   *By Counsel*

                                   _____/s/_____
                                   George Reede (E.D. Va. No. 33-78968)
                                   Jessica Pak (E.D. Va. No. 86732)
                                   Niles, Barton, & Wilmer, LLP
                                   111 South Calvert St., Suite 1400
                                   Baltimore, MD 21202
                                   Phone: (410) 783-6300
                                   Fax:    (410) 783-6363
                                   Email: gereede@nilesbarton.com
                                   Email: jepak@nilesbarton.com

                                   *Attorneys for Hartford Casualty Insurance
                                   Company*

                                   -and-

                                   *Of Counsel*

                                   Lee H. Ogburn
                                   William J. Harrington
                                   KRAMON & GRAHAM, P.A.
                                   One South Street, Suite 2600
                                   Baltimore, Maryland 21202
                                   Phone:  (410) 752-6030
                                   Fax:  (410) 361-8211
                                   Email:  logburn@kg-law.com
                                   Email:  wharrington@kg-law.com